IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| JOHN BARNARD, ET AL., | ) | CIVIL NO. 05-00599 SPK-LEK |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| STATE OF HAWAI`I, DEPARTMENT OF HUMAN SERVICES, ET AL., | ) ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT WENDALL OMURA'S MOTION TO CONDUCT IN CAMERA REVIEW AND SEAL CERTAIN DOCUMENTS AND EXHIBITS RELATED TO HIS MOTION FOR SUMMARY JUDGMENT**

Before the Court is Defendant Wendall Omura's ("Defendant Omura") Motion to Conduct in Camera Review and Seal Certain Documents and Exhibits Related to His Motion for Summary Judgment ("Motion"), filed February 12, 2007.  Pro se plaintiffs John Barnard and Dutchlyn L. Barnard ("Plaintiffs") did not file a response to the Motion.  The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules").  After careful consideration of the Motion, supporting documents, and the relevant legal authority, Defendant Omura's Motion is HEREBY GRANTED IN PART and DENIED IN PART for the reasons set forth below.

## BACKGROUND

On September 15, 2005, Plaintiffs filed the instant civil rights action, alleging that the defendants violated their civil rights in initiating and prosecuting child abuse and neglect proceedings against Plaintiffs regarding their adopted minor children.  The underlying family court matter addressed, *inter alia*, allegations of sexual abuse of one of Plaintiffs' minor adopted daughters, as well as physical abuse and family neglect.  The Complaint and the attachments thereto included the names and birth dates of the minor children, as well as various confidential documents, including family court records, psychiatric reports, and counseling records.  The Complaint and attachments were not redacted.

Defendant Omura is an employee of Defendant State of Hawai`i Department of Human Services ("DHS").[1]  Since 1997, he has been the supervisor of the Leeward Child Welfare Services Unit 2.[2]  Defendant Omura, in his official and individual capacities, filed his Answer on June 22, 2006.  Although he noted that DHS was responsible for protecting the confidentiality of DHS records regarding child abuse, Defendant Omura stated that he

---

[1] Defendant Omura is the only defendant to appear in this case.  Apparently, Plaintiffs have not effectuated proper service of the Complaint and Summons on the other defendants.

[2] Child Welfare Services was formerly known as Child Support Services ("CPS").

would use the actual names of the minor children involved in the instant case because the Complaint made no effort to shield their identities. [Answer at 3 n.2.] Defendant Omura, however, now argues that the names of the minor children should not have been used pursuant to the General Order Adopting Electronic Cases Filing Procedures, Section 11.1.

Defendant Omura filed his Motion for Summary Judgment, as well as his Concise Statement of Facts in Support of Motion for Summary Judgment ("Statement of Facts"), on February 7, 2007. This Court issued an order allowing Defendant Omura to file them under temporary seal. Defendant Omura filed the instant Motion to obtain an order sealing the documents on a more permanent basis.

Defendant Omura points out that the Motion for Summary Judgment refers to, and the Statement of Facts includes, confidential documents such as psychiatric reports to the family court, family court orders, and contact logs prepared during DHS's investigation into the alleged sexual and physical abuse. He states that many of these documents are not among those that Plaintiffs have already filed in open court. Defendant Omura argues that these records are confidential under state and federal law and that they also contain the names of adults who are entitled to protection, such as persons who reported the abuse and foster parents. [Mem. in Supp. of Motion at 3.]

Defendant Omura further argues that mere redaction of personal identifiers would not be adequate.  For example, the redaction of all names of the minors involved would make it difficult to understand the facts.  The family court and DHS records include the names of seven minor children who lived with Plaintiffs, and four of those children have names that start with the letter "A".  Thus, if the minor's names were replaced by their initials, as suggested by Section 11.1(b), it would be difficult to understand the facts.  [Id. at 3-4.]  Defendant Omura argues that there are compelling reasons to seal the Motion for Summary Judgment and the Statement of Facts to protect the privacy and confidentiality of Plaintiffs and their minor children, and the State's interest in protecting information about its child abuse cases.  The State has a compelling interest in encouraging reports of suspected child abuse and protecting those who report suspected abuse.  [Id. at 5-6.]

### DISCUSSION

### I.   Standards for Sealing Dispositive Motions

The public has a general right to inspect and copy judicial documents so that it can monitor how public agencies work.  See Kamakana v. City & County of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 & n.7, 598 (1978)).  A narrow range of documents, which have "traditionally been kept secret for important policy

reasons[,]" is not subject to the right of public access.  Id. (citation and quotation marks omitted).  According to Ninth Circuit case law, grand jury transcripts and warrant materials in a pending pre-indictment investigation are such documents. Unless the documents fall within those categories, there is a strong presumption of public access.  See id.

In order to overcome the strong presumption, a party seeking to seal judicial records must "articulate[] compelling reasons supported by specific factual findings, that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process."  Id. at 1178-79 (citations and quotation marks omitted) (alteration in original).  The court reviewing the request to seal must balance the competing interests of the public and the party making the request.  See id. at 1179.  The fact that the records may be embarrassing or incriminating, or may expose the person to more litigation does not by itself require the court to seal the records.  See id. (citation omitted).  Defendant Omura must meet these standards because he asks this Court to seal records attached to a dispositive motion, even though this Court previously granted his motion to temporarily file the records under seal.[3]  See id.

---

[3] A lower standard applies to records attached to non-dispositive motions that were previously filed under seal.  See (continued...)

## II. **Defendant Omura's Request to Seal Documents**

In the instant Motion, Defendant Omura summarized the sensitive information and confidential documents associated with the Motion for Summary Judgment and the Statement of Facts and this Court has reviewed both filings.  The Motion for Summary Judgment refers to a report of physical abuse that DHS received regarding one of Plaintiffs' minor adopted daughters.  It also describes DHS's investigation of the report and the subsequent filing of a family court Petition for Temporary Foster Custody and for Family Supervision.  The Motion for Summary Judgment describes the potential dangers that Plaintiffs exposed her to and which the family court considered in making its rulings.  It also quotes portions of the family court's findings, which culminated in the award of custody to DHS.  Further, the Motion for Summary Judgment discusses the daughter's psychological examination, a report that she was physically abused while in a foster home, DHS's investigation into that report, the identity of a convicted rapist who was apparently living with Plaintiffs, and allegations that the daughter was sexually abused by an older sibling while she was in Plaintiffs' home.  The Statement of Facts includes documents submitted in the family court case, such as the Petition for Temporary Foster Custody and for Family

---

[3](...continued)
Kamakana, 447 F.3d at 1179-80.

Supervision, Safe Family Home Report, Service Plan, and various family court orders, as well as correspondence in the course of DHS's investigations into the various allegations. Defendant Omura argues that there are compelling reasons to keep these matters confidential.

The Hawai`i Child Protective Act ("the Act") is codified under Hawai`i Revised Statutes chapter 587.

> The policy and purpose of [the Act] is to provide children with prompt and ample protection from the harms detailed herein, with an opportunity for timely reconciliation with their families if the families can provide safe family homes, and with timely and appropriate service or permanent plans to ensure the safety of the child so they may develop and mature into responsible, self-sufficient, law-abiding citizens.

Haw. Rev. Stat. § 587-1. Toward that end, the Act provides that court records of child protective proceedings are confidential. See Haw. Rev. Stat. § 587-81. Section 587-81 provides, in pertinent part:

> The court shall keep a record of all child protective proceedings under this chapter. The written reports, photographs, x-rays, or other information of any nature which are submitted to the court may be made available to other appropriate persons, who are not parties, only upon an order of the court after the court has determined that such access is in the best interests of the child or serves some other legitimate purpose[.]

Id. Further, the following records of family court proceedings in general are not available to the public: "the court docket, petitions, complaints, motions, and other papers filed in any

case; transcripts of testimony taken by the court; and findings, judgments, orders, decrees, and other papers other than social records filed in proceedings before the court." Haw. Rev. Stat. § 571-84(a).

Hawai`i law also provides for the confidentiality of DHS records. See, e.g., Haw. Rev. Stat. § 346-10(a) ("All applications and records concerning any applicant or recipient shall be confidential."); Haw. Rev. Stat. § 346-11 (regarding unauthorized disclosure or inspection of confidential records). Specifically, records regarding reports and investigations of child abuse or neglect are confidential. See Haw. Rev. Stat. § 350-1.4(a). DHS is authorized to promulgate regulations regarding the confidentiality of such records and the circumstances under which the records can be disclosed. See id. Under § 350-1.4(a), the intentional, unauthorized disclosure of records or reports is a misdemeanor. CPS's administrative rules state that its records are confidential and the unauthorized disclosure of CPS records is a criminal offense. See Haw. Admin. R. § 17-920.1-8(a). That section provides that:

> Records may be released, on a need to know basis, and only as necessary to serve and protect the child, to the following:
>      . . . .
>      (2) Courts, upon finding that access to the records may be necessary for determination of an issue before the court. Access shall be limited to inspection by the court only, unless the court determines that public disclosure of the records is necessary for the resolution of an issue

8

       pending before it[.]

§ 17-920.1-8(c)(2).

       These statutes and administrative rules evince a strong state interest in the confidentiality of DHS and family court records, particularly with respect to records relating to the alleged abuse or neglect of a minor.  As recognized in the Act's statement of purpose, "prompt identification, reporting, investigation, services, treatment, adjudication, and disposition of cases involving children who have been harmed or are threatened with harm are in the children's, their families', and society's best interests because the children are defenseless, exploitable, and vulnerable."  Haw. Rev. Stat. § 587-1. Maintaining the confidentiality of child abuse and neglect records is necessary to the "prompt identification, reporting, investigation, services, treatment, adjudication, and disposition of cases" because public availability of such information would chill the reporting of abuse and would hinder DHS's investigations and subsequent actions.  The United States Supreme Court has stated:

> Child abuse is one of the most difficult crimes to detect and prosecute, in large part because there often are no witnesses except the victim.  A child's feelings of vulnerability and guilt and his or her unwillingness to come forward are particularly acute when the abuser is a parent. It therefore is essential that the child have a state-designated person to whom he may turn, and to do so with the assurance of confidentiality. Relatives and neighbors who suspect abuse also

> will be more willing to come forward if they know that their identities will be protected.

Pennsylvania v. Ritchie, 480 U.S. 39, 60 (1987).  The Supreme Court therefore characterized a state's interest in protecting information about child abuse as "compelling".  See id.  This Court agrees and finds that, as a DHS employee, Defendant Omura has established compelling reasons to maintain the confidentiality of the facts discussed in the Motion for Summary Judgment and the documents appended to the Statement of Facts.  Exhibit A to the Statement of Facts, Defendant Omura's Answer, however, has already been filed in open court.  Thus, sealing Exhibit A will not advance any confidentiality interests because the original Answer is available to the public.

This Court finds that Defendant Omura has presented articulable facts identifying the interests in support of sealing the records, with the exception of Exhibit A, and he has shown that these interests outweigh the public's interest in access to the records.  This Court therefore finds there are compelling reasons to maintain the Motion for Summary Judgment and the Statement of Facts, with the exception of Exhibit A, under seal.

## **CONCLUSION**

On the basis of the foregoing, Defendant Omura's Motion to Conduct in Camera Review and Seal Certain Documents and Exhibits Related to His Motion for Summary Judgment, filed February 12, 2007, is HEREBY GRANTED IN PART and DENIED IN PART.

10


The Motion is DENIED as to Exhibit A to the Statement of Facts and GRANTED in all other respects.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAI`I, March 27, 2007.



        /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**JOHN BARNARD, ET AL. V. STATE OF HAWAI`I, ETC.; CIVIL NO. 05-00599 SPK-LEK; ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT WENDALL OMURA'S MOTION TO CONDUCT IN CAMERA REVIEW AND SEAL CERTAIN DOCUMENTS AND EXHIBITS RELATED TO HIS MOTION FOR SUMMARY JUDGMENT**